ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA A. BOERSCH (CABN 126569)
Chief, Criminal Division

COLIN SAMPSON (CABN 249784)
Assistant United States Attorney

450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7020
Fax: (415) 436-7009
Email: Colin.Sampson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | No. 3:23-cr-00068-WHO |
|---|---|
| Plaintiff, | ENTRY OF APPEARANCE OF COLIN SAMPSON FOR THE UNITED STATES OF AMERICA; AND OPPOSITION TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| TIMOTHY WALSH, | |
| Defendant. | |

I.   **ENTRY OF APPEARANCE**

With notice to the Clerk of Court and all Parties of Record and in accordance with 28 U.S.C. § 515(a):

Colin Sampson is an Assistant United States Attorney for the Northern District of California admitted to practice in the State of California (license no. #249784), and is authorized to practice in this Court on behalf of the United States. Attorney Sampson should substitute for all other counsel for the United States that have participated in this matter.

//

## II. INTRODUCTION

The above-captioned criminal case is pending before U.S. District Judge William H. Orrick. The matter was transferred to the Northern District of California from the Northern District of New York, where Timothy Walsh (the "Defendant") was convicted after pleading guilty without a plea agreement to three counts: Aggravated Identity Theft, in violation of 18 U.S.C. § 2018A(a)(1), Making a False Statement in a Passport Application, in violation of 18 U.S.C. § 1542, and Misuse of a Social Security Number, in violation of 18 U.S.C. § 408(a)(7)(B). On June 9, 2021, Defendant was sentenced to two years and four days in prison and three years of supervised release. *See United States v. Walsh*, (N. D. NY), CR-19-402-GTS, Doc. No. 39.

Defendant was released from Bureau of Prisons custody on January 10, 2023. Defendant's case was transferred to the Northern District of California on February 27, 2023. The government opposes early termination of supervision at this time.

## III. DISCUSSION

Defendant, thirteen months into his thirty-six month period of supervised release, asks this Court to terminate his supervised release approximately more than 22 months early.

Pursuant to 18 U.S.C. § 3583, the Court may consider early termination after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), if warranted by the defendant's conduct and in the interest of justice. In doing so, the Court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Defendant asserts four principal reasons for his request. First, Defendant asserts that terminating supervision will "reliev[e] me of the burden of probation" and "will go a long way toward alleviating a great deal of stress and anxiety that I experience at the thought of any further involvement with the criminal justice system." *See* Letter, ECF No. 3. He further asserts that termination "will free me up to travel at will and allow me to participate in this year's elections."

//

//

## IV.     ARGUMENT

Mr. Walsh's background demonstrates that his desire for early termination may be his attitude toward authority.  Mr. Walsh pleaded guilty with no plea agreement and was uncooperative[1] with respect to his involvement in obtaining and using passports in his deceased brother's name, which one witness told investigators Walsh stated he was using to evade law enforcement.  At the time of preparation of his pretrial services report, and possibly today, Mr. Walsh lives on a rural property in Mendocino County where marijuana plants can be seen growing, and he tested positive for marijuana use during the pendency of his criminal matter in 2020.  While on pretrial supervision in the Northern District of California, Mr. Walsh called Geo Group, a drug testing vendor, "the largest commercial human trafficking operation[] doing business in the United States . . . . [t]he term 'concentration camps' are rightfully being applied to the facilities operated by GOE and CoreCivic."[2]  Mr. Walsh has numerous prior arrests for illegal substances and driving while impaired.  Mr. Walsh was determined to be in Criminal History Group II at the time of his 2021 sentencing and had previously been incarcerated for use of a firearm during a robbery.

As an initial matter, it is unclear how Mr. Walsh's current supervision renders him unable to vote.  According to the California Secretary of State, a person with a prior felony may register to vote even if "[o]n federal supervised release."  *See* https://www.sos.ca.gov/elections/voting-resources/voting-california/who-can-vote-california/voting-rights-californians.

Supervision does not appear to be an undue hardship for Mr. Walsh.  *See United States v. Emmett*, 749 F. 3d 817, 820 (9th Cir. 2014) (upholding a district court's requirement that defendant demonstrate an "undue hardship" unless the supervised release was granted as a part of the "interest of justice" determination).  Indeed, he indicates that the conditions of his supervision are "minimal."  ECF No. 3.  Defendant's inconvenience in obtaining permission to travel is not a factor that the Court should consider.  Defendant has not provided the Court with examples of situations in which he has had to forego any travel as a result of his supervision.

---

[1] He did, however, receive a reduction in offense level for acceptance of responsibility.

[2] *United States v. Walsh*, (N. D. NY), CR-19-402-GTS, Doc. No. 38 (Presentence Report).

United States' Opposition to Early Termination,
24-CR-00068 WHO                                         11

Finally, the undersigned has consulted with the U.S. Probation Officer, who takes no position with respect to the relief requested in Mr. Walsh's letter. For these reasons, the Court should decline a finding that a 22-month reduction in Defendant's supervised release term is appropriate.

### V.  CONCLUSION

Defendant fails to provide the Court with a sufficient basis for it to find that supervision poses an undue hardship on him or that termination of approximately 60% of the supervised release term is in the interest of justice. The government respectfully requests that the Court deny the request at this time, without prejudice to refiling at a later time. A copy of this Opposition will be served on Mr. Walsh at his last known address and provided to his Probation Officer.

Dated this 9th day of February, 2024.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Colin Sampson*
COLIN C. SAMPSON
Assistant United States Attorney

CERTIFICATE OF SERVICE

I, KATHY TAT declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**ENTRY OF APPEARANCE OF COLIN SAMPSON FOR THE UNITED STATES OF AMERICA; AND OPPOSITION TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___ FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ FEDERAL EXPRESS

_____ SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

to the parties addressed as follows:

Timothy Walsh
18900 Mountain View Road
Boonville, California 95415

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 9, 2024 at San Francisco, California.

_____/S/_____
KATHY TAT
Legal Assistant